# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

### CASE NO.:  2:25-cv-12478

JERNEJ FURMAN,

    Plaintiff,

v.

ACCRETIVE CAPITAL LLC
D/B/A BENZINGA,

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

  Plaintiff JERNEJ FURMAN, by and through his undersigned counsel, brings this Complaint against Defendant ACCRETIVE CAPITAL LLC D/B/A BENZINGA for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

  1. Plaintiff JERNEJ FURMAN ("Furman") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202 to copy and distribute Furman's original copyrighted work of authorship after removal of his copyright management information, and addition of false copyright management information.

  2. Furman is a professional photographer, self-taught through professional workshops and educational seminars, with more than five years of experience.  He has now created the photography atelier "focusonmore.com." Furman's forthcoming marketing thesis will focus on "Impact of Photography Sales for Products and Services." His studio achievements include world-

class clients' products or product photography for editorial aesthetics. His photographic style signature is to adapt to the client's vision.

3. Defendant ACCRETIVE CAPITAL LLC D/B/A BENZINGA ("Defendant") operates as an advertising and media company. Defendant's business creates mass content for marketing campaigns relating to financial media, trading ideas, and commentary for investors within the United States. On its website, Defendant claims to reach over 12 million unique monthly visitors and over 37 million monthly page views on its platforms. At all times relevant herein, Defendant owned and operated the website located at the internet URL www.benzinga.com ("Website").

4. Furman alleges that Defendant copied Furman's copyrighted work from the internet to advertise, market, and promote its business activities.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Michigan.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Defendant is a Michigan limited liability company, with its principal place of business at 1 Campus Martius, Suite 200, Detroit, Michigan, 48226, and can be served by serving its Registered Agent, Jason Raznick, at the same address.

## THE COPYRIGHTED WORK

10. In 2022, Furman created the photograph entitled "Symbol of law and justice, physical version of Bitcoin and Flag," which is shown below and referred to herein as the "Work."



11. Furman registered the Work with the Register of Copyrights on April 22, 2022, as part of a group registration. The group registration was assigned registration number VA 2-299-849. The true and accurate copy of the Certificate of Registration is attached hereto as **Exhibit 1**.

12. Furman published the Work on February 14, 2022, by displaying it on his online portfolio at https://focusonmore.piwigo.com/picture?/5562/search/psk-20250512-tjhbyNebz9 ("Web Portfolio").

13. At the time he published the Work on the Web Portfolio, Furman offered usage rights to the public through the Creative Commons CC BY 2.0 License ("CC License"), which

allows the public to share and adapt the Work provided that appropriate attribution was made, including appropriate credit to Furman, a link to the license, and a statement of whether any changes were made to the Work.[1]

14.    Furman's display of the Work on Furman's Web Portfolio also included copyright management information ("CMI") next to the Work in the form of Furman's name, copyright notice, and the link to the licensing terms.

15.    Furman's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The Work's perspective, orientation, positioning, lighting, and other details are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

16.    At all relevant times, Furman was the owner of the copyrighted Work.

## INFRINGEMENT BY DEFENDANT

17.    Defendant has never been licensed to use the Work for any purpose.

18.    On a date after the Work was created, but prior to the filing of this action, Defendant copied the Work.

19.    On or about August 11, 2022, Furman discovered the unauthorized use of the Work on the Website in an article entitled "Bitcoin May Effectively Be Banned in Europe As EU Set To Finalize Regulatory Framework for Crypto" posted on March 13, 2022.

20.    Defendant copied Furman's copyrighted Work without Furman's permission.

21.    After Defendant copied the Work, Defendant made further copies and distributed the Work on the internet as part of its advertising and media business.

---

[1] https://creativecommons.org/licenses/by/2.0/de/deed.en

22.     Defendant copied and distributed Furman's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

23.     Defendant committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24.     Furman never gave Defendant permission or authority to copy, distribute or display the Work.

25.     When Defendant copied and displayed the Work, Defendant removed Furman's CMI and added Defendant's own logo (Benzinga) with the copyright symbol ©, as shown below:



26.     Furman notified Defendant of the allegations set forth herein on May 12, 2025, May 27, 2025, July 10, 2025, July 14, 2025, July 16, 2025, July 21, 2025, July 22, 2025, and August 1, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

27. Furman incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Furman owns a valid copyright in the Work.

29. Furman registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendant copied, displayed, and distributed the Work and made derivatives of the Work without Furman's authorization in violation of 17 U.S.C. § 501.

31. Defendant performed the acts alleged in the course and scope of its business activities.

32. Defendant's acts were willful.

33. Furman has been damaged.

34. The harm caused to Furman has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

35. Furman incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

37. As a media company, Defendant has a direct financial interest in infringing material because it derives profits from the advertising on Defendant's Website and other platforms displaying the infringed Work.

SRIPLAW
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

38. Despite having the ability to stop the infringed Work from being displayed on its Website, Defendant allowed the materials to remain up for display for purposes of generating sales of the infringed Work.

39. To the extent that the actions described above were performed by the third party alone, Defendant is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Furman's authorization in violation of 17 U.S.C. § 501.

40. Furman has been damaged.

41. The harm caused to Furman has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

42. Furman incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

43. The Work contains CMI, as defined in 17 U.S.C. § 1202(c), on Furman's Web Portfolio.

44. Defendant knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on Defendant's Website without any of Furman's CMI in violation of 17 U.S.C. § 1202(b).

45. Defendant distributed the Work to Defendant's Website and other platforms knowing that Furman's CMI had been removed or altered without authority of the copyright owner or the law.

46. Defendant committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Furman's rights in the Work.

47. Defendant caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Furman's rights in the Work.

48. Furman has been damaged.

49. The harm caused to Furman has been irreparable.

<strong>COUNT III</strong><br><strong><u>ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION</u></strong>

50. Furman incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

51. The Work contains false CMI.

52. Defendant knowingly and with the intent to enable or facilitate copyright infringement, added Defendant's own logo (Benzinga) with the copyright symbol © to the Work in violation of 17 U.S.C. § 1202(a), as shown below:



53. Defendant distributed copies of the Work to third parties which included false CMI conveyed in connection with the Work.

54. Defendant committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Furman's rights in the Work.

55. After removing CMI from the Work, Defendant applied its own false CMI upon the Work in the form of Defendant's own logo (Benzinga) with the copyright symbol ©.

56. After applying the false CMI to the Work, Defendant published the Work in violation of 17 U.S.C. § 1202(a).

57. Furman has been damaged.

58. The harm caused to Furman has been irreparable.

WHEREFORE, the Plaintiff JERNEJ FURMAN prays for judgment against the Defendant ACCRETIVE CAPITAL LLC D/B/A BENZINGA that:

    a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b. Defendant be required to pay Furman his actual damages and Defendant's profits attributable to the infringement, or, at Furman's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c. Furman be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Furman be awarded pre- and post-judgment interest; and

    e.  Furman be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Furman hereby demands a trial by jury of all issues so triable.

Dated: August 11, 2025      Respectfully submitted,

            */s/ Joseph A. Dunne*
            JOSEPH A. DUNNE
            Bar Number: 4831277
            Joseph.dunne@sriplaw.com

            **SRIPLAW, P. A.**
            41 Madison Avenue, 25th Floor
            New York, New York 10010
            561.404.4335 – Telephone
            561.404.4353 – Facsimile

            *Counsel for Plaintiff Jernej Furman*